# IN THE UNITED STATES BANKRUPTCY COURT
# FOR NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION



| | |
|---|---|
| JAMES S. THORSTEN and<br>SELDEN A. THORSTEN,<br><br>Debtors,<br><br>v.<br><br>WELLS FARGO BANK N. A.<br>dba<br>AMERICA'S SERVICING COMPANY<br>NORWEST HOME IMPROVEMENT<br><br>Defendants. | Chapter 7<br><br>Case No. 06-65496-MHM<br><br>Judge: Margaret Murphy<br><br>ADVERSARY<br><br>FILE NO. 08-9035 |

Complaint &

## MOTION TO IMPOSE SANCTIONS FOR CONTEMPT FOR VIOLATION OF DISCHARGE INJUNCTION

COMES NOW the Debtors, James S. Thorsten and Selden A. Thorsten (hereinafter "Debtors"), by and through their undersigned counsel of record, W. Dent Acree and respectfully file this their Motion against Wells Fargo Bank, N.A. (hereinafter "Wells Fargo"), previously listed on Schedule D, by filing the appropriate pleadings, and state as follows:

### JURISDICTION

1.

The United States Bankruptcy Court for the Northern District of Georgia has jurisdiction over this Motion for Contempt and related Motions

1

under 28 U.S.C. § 157. A final order of discharge was entered on August 28th, 2006 by this bankruptcy court in the Northern District of Georgia, and this Bankruptcy Court has jurisdiction over enforcing its orders.

## **RELIEF REQUESTED**

2.

Debtors herein own a home, located at 4436 Shelborne Drive, Dunwoody, Georgia 30038, with a first mortgage through Countrywide Home Loans, Inc. and a second mortgage through Wells Fargo. The first mortgage of Countrywide Home loans, Inc. was properly reaffirmed in the Ch.7 bankruptcy proceeding, but the second mortgage through Well Fargo was not reaffirmed and was discharged. Wells Fargo has been extorting payments illegally from Debtors during and after the bankruptcy proceeding and after discharge of the debt and is now illegally attempting to foreclose on the second mortgage in <u>asserting person liability against the Debtors</u>, as fully shown in the Motion for Sanctions filed contemporaneously herewith.

3.

Debtors residence is currently being advertised by Wells Fargo in the Dekalb newspaper the Dekalb Champion for foreclosure sale on Tuesday August 5, 2008, and Debtors will suffer irreparable harm, injury and damages if this bankruptcy court does not issue a temporary restraining

order or preliminary injunction for the purpose of preserving the status quo preventing Well Fargo from conducting the foreclosure as advertised until this matter is heard and a decision made therein on the merits, as provided in Rule 7062 and 7065 of the Bankruptcy Code, is hereby requested by Debtors herein.

4.

The operative facts supporting Debtors' Motions are fully set out in Debtors Brief in Support of Motion to Reopen case for the Purpose of a Hearing to Impose Sanctions for Contempt for Violations of Discharge Injunction & Motion for Sanctions.

5.

Debtors show that for the reasons stated hereinabove and in Debtors' Brief, Wells Fargo is guilty of violating this Bankruptcy Court's Discharge Injunction.

6

In support of this Motion, Debtors attach hereto and incorporate herein by reference the following:

(a) Affidavit of James S. Thorsten, attached hereto, marked Exhibit "A'" and is by express reference made a part hereof;

(b) Debtor/Plaintiffs Brief in Support of their Motion for hearing on

3

Motion for Contempt and Motion for Sanctions for Violation of Discharge Order.

WHEREFORE, the debtors respectfully request:

a. Wells Fargo be adjudged in contempt of court for violating the Order of Discharge entered herein by trying to collect a discharged debt, and be suitably sanctioned;

b. Wells Fargo be adjudged in contempt of court for Flagrant Coercive Reaffirmation Violations;

c. Wells Fargo Bank be adjudged in contempt of court for violations of 11 U.S.C.§ 362;

d. Wells Fargo be ordered to refund all the payments made by Plaintiffs to Plaintiffs in an amount in excess of $20,000.00 as may be shown by the evidence;

e. Award damages to Plaintiffs for compensatory damages, punitive damages, damages for economic duress and emotional distress.

f. Award to Plaintiffs attorney's fees and costs;

g. Wells Fargo be ordered to Release and otherwise satisfy its security deed lien on the property;

    h. Debtors seek to recover from Wells Fargo for any and all actual, compensatory, punitive damages, costs and attorney's fees arising out of such conduct, including, appropriate sanctions for flagrant and excessive violations of the discharge injunction, damages for coercion and harassment in violation of the discharge injunction, severe emotional distress caused to Debtors thereby, and hereby requests that Debtors be allowed to file an Adversary proceeding herein charging undue influence, fraud, malice, Rico violations, violations of the Fair Debt Collection Act and such other and further relief as the Court deems equitable and appropriate in the circumstances,

    i. For such other and further relief as this Court deems equitable, just and proper.

Respectfully submitted this 21st day of July, 2008.

                                                       W. Dent Acree
                                                       Attorney for Debtors
                                                       GA Bar No: 001600

Six North Parkway Square
4200 Northside Parkway, N.W.
Atlanta, Georgia 30327
wdacree@aol.com
fax (404) 869-3444
Tel (404) 869-3400

B104 (FORM 104) (08/07)

## ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER** (Court Use Only): **08-9035**

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Jouzou Boot Thorsken<br>Selden A Thorsken | Wells Fargo Bank, N.A. |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| W. Denk Acree<br>420 North Parkway Square, Building 6<br>Atlanta, GA 30327 | |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Violation of Discharge Injunction and other U.S. Code sanctions, Violation of § 362, Contempt for coercive harassment, Violation of reaffirmation —

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☒ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR James S. Thorsken / Sidra Thorsken | BANKRUPTCY CASE NO. 06-65496 - MHM ||
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||
|---|---|
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) 8-21-08 |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# 08-9035 Judge MHM

## NEW ADVERSARY CHECKLIST

(✓)   Complete Filing
(  )   Incomplete Filing

**Check-mark the following documents that are missing:**

(  )   Summons
(  )   Adversary Cover Sheet
(  )   Complaint