FILED
IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

JUN 30 2009 8:49

W. YVONNE EVANS,
CLERK

Janet Anita

DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JAMES S. THORSTEN<br>SELDEN A. THORSTEN,<br><br>Debtors, | ) Chapter 7<br>)<br>)<br>) Case No. 06-65496-MHM |

JAMES S. THORSTEN<br>
SELDEN A. THORSTEN,<br>
    **Plaintiffs**<br>
v.<br>
<br>
WELLS FARGO BANK N. A., d/b/a<br>
<br>
AMERICA'S SERVICING COMPANY<br>
NORWEST HOME IMPROVEMENT;<br>
    **Defendant**

)
)
)  **Adversary Proceeding**
)
)  **Case No. 08-9035-NHM**
)
)
)
)
)
)
)

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY

COMES NOW Plaintiffs, James S. Thorsten and Selden A. Thorsten and file this their Motion, pursuant to BLR 7037.1 and Rules 26, 33, 34, 35, and 37 of the F.R.Civ.P.

1.

Plaintiffs' and Defendant's Counsel of record have in good faith conferred to resolve disputes among themselves, as shown in the Certificate of Counsel filed by Plaintiffs' Counsel herein, attached hereto, marked Exhibit "A" and is by express reference made a part hereof . As shown in

such certificae(Ex.A), the discovery disputes presented cannot be resolved without the intervention of this Honorable Court.

DISPUTES

As to Defendant's Responses to Plaintiffs' Second Request for Production of Documents and Notice to Produce.

2.

## DEFENDANT'S RESPONSE TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE

### REQUEST NO. 1:

Please produce copy of all document submitted by the Defendant and/or Defendant's representative to the IRS relating to the second mortgage loan from Wells Fargo to Plaintiff, James S. Thorsten, secured by Plaintiffs' residence.

### RESPONSE:

Defendant objects to this request on the grounds that it seeks discovery of information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

### PLAINTIFFS' AUTHORITY IN OPPOSITION AND DISCUSSION

Plaintiffs state that the information requested is relevant to the instant case and/or is reasonably calculated to lead to the discovery of admissible evidence.

### REQUEST NO. 2:

Please produce copy of the Good Faith Estimates relating to the loan in dispute in this case.

**RESPONSE:**

Defendant objects to this request on the grounds that it seeks discovery of information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

## PLAINTIFFS' AUTHORITY IN OPPOSITION AND DISCUSSION

Plaintiffs state that the information requested is relevant to the instant case and/or is reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 3:

Please produce copies of all communications between Plaintiffs, or either of them, and Wells Fargo, America's Servicing Company, and Norwest Home Improvement, including, but not limited to, correspondence, memorandum, notes or other written memorializations of any and all conversations between Plaintiffs, or either of them, and Defendant, America's Servicing Company, and Norwest Home Improvement, or their employees and/or agents or legal counsel, which correspondence, memorandum, notes or written memorializations pertain in any way to this lawsuit.

## RESPONSE:

Subject to and without waiver of its objections, Defendant states that it will search its records where kept in the ordinary course of business and produce copies of the requested documents if not already produced.

## PLAINTIFFS' AUTHORITY IN OPPOSITION AND DISCUSSION

To date no such documents have been produced  Plaintiffs state that the information is relevant to the instant case and is reasonably calculated to lead to

the discovery of admissible evidence. The requested documents were not produced

to Plaintiffs previously.

## REQUEST NO. 4:

Produce copies of all documents referred to in your response to Plaintiffs'
Second Request for Admissions to Defendant.

## RESPONSE:

Subject to and without waiver of its objections, Defendant states that it

will search its records where kept in the ordinary course of business and produce

copies of the requested documents if not already produced.

## PLAINTIFFS' AUTHORITY IN OPPOSITION AND DISCUSSION

To date no such documents have been produced  Plaintiffs state that the

information

Plaintiffs state that the information requested is relevant to the instant case

and is reasonably calculated to lead to the discovery of admissible evidence. The

requested documents were not produced to Plaintiffs previously.

## REQUEST NO. 5:

Produce copies of all documents referred to in Plaintiffs' Second
Interrogatories to Defendant.

## RESPONSE:

Subject to and without waiver of its objections, Defendant states that it

will search its records where kept in the ordinary course of business and produce copies of the requested documents if not already produced.

## PLAINTIFFS' AUTHORITY IN OPPOSITION AND DISCUSSION

To date no such documents have been produced. Plaintiffs state that the information requested is relevant to the instant case and.or is reasonably calculated to lead to the discovery of admissible evidence. The requested documents were not produced to Plaintiffs previously.

## REQUEST NO. 6:

Produce copies of all documents creating a contractual relationship between or among Defendant Wells Fargo N.A., American Servicing Company and/or Norwest Home Improvement.

## RESPONSE:

Defendant objects to this request on the grounds that it seeks discovery of information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

## PLAINTIFFS' AUTHORITY IN OPPOSITION AND DISCUSSION

Plaintiffs state that the information requested is relevant to the instant case and/or is reasonably calculated to lead to the discovery of admissible evidence. The requested documents were not produced to Plaintiffs previously.

**REQUEST NO. 7:**

Produce the original Note from Plaintiff, James S. Thorsten, in favor of Wells Fargo, N.A., dated June 4, 2004.

**RESPONSE:**

Defendant objects to this request on the grounds that it seeks discovery of information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

**PLAINTIFFS' AUTHORITY IN OPPOSITION AND DISCUSSION**

Plaintiffs state that the information requested is relevant and vital to the instant case as it shows the basis upon which Defendant's right to sue is based. Such information is relevant and/or is reasonably calculated to lead to the discovery of admissible evidence. The requested documents were not produced to Plaintiffs previously.

**REQUEST NO. 8:**

Produce the **original** of any document transferring title or ownership of the original note from Plaintiff, James S. Thorsten, in favor of Wells Fargo, N.A., dated June 4, 2004, to any other entity, including American Servicing Company and/or Norwest Home Improvement.

**RESPONSE:**

Defendant objects to this request on the grounds that it seeks discovery of information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

## PLAINTIFFS' AUTHORITY IN OPPOSITION AND DISCUSSION

Plaintiffs state that the information requested is relevant and vital to the instant case as it shows the basis upon which Defendant's right to sue is based. Such information is relevant and/or is reasonably calculated to lead to the discovery of admissible evidence. The requested documents were not produced to Plaintiffs previously.

## 3.

As to Defendant's Responses to Plaintiffs' Second Interogatories:

## DEFENDANT'S RESPONSE TO PLAINTIFFS' SECOND INTERROGATORIES TO DEFENDANT

## INTERROGATORY NO. 1:

State the number of times that Wells Fargo and or its legal representatives attempted to foreclose on Plaintiffs' residence. Please include the date of each attempt and by what entity made and under what authority.

## RESPONSE:

Defendant objects to this interrogatory on the grounds that it is vague in using the phrase "attempted to foreclose" and that it seeks discovery of information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

## PLAINTIFFS' AUTHORITY IN OPPOSITION AND DISCUSSION

Plaintiffs state that the information is relevant to the instant case and/or is reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 2:

During the Plaintiffs' Bankruptcy proceeding did Wells Fargo send any type of written communication to Plaintiffs or either of them. If answer is in the affirmative, please attach a copy thereof to the response to these interrogatories, if you will do so without a Notice to Produce.

## RESPONSE:

Subject to and without waiver of its objections, Defendant states that it will search its records where kept in the ordinary course of business and produce copies of all written communications with Plaintiffs or either of them. To the extent this interrogatory seeks additional information, Defendant objects on the grounds that it is overly broad and unduly burdensome.

## PLAINTIFFS' AUTHORITY IN OPPOSITION AND DISCUSSION

To date no such additional information has been produced. Plaintiffs state that the information is relevant to the instant case and is reasonably calculated to lead to the discovery of admissible evidence. The requested documents were not produced to Plaintiffs previously.

## INTERROGATORY NO. 3:

During the Plaintiffs' Bankruptcy proceeding did Wells Fargo communicate in any way with Plaintiffs or either of them. If answer is in the affirmative, please explain in detail the nature and content of the communication.

## RESPONSE:

Subject to and without waiver of its objections, Defendant states that it did communicate with Plaintiffs after they filed bankruptcy regarding the security for Plaintiffs' loan. Defendant will search its records where kept in the ordinary course of business and produce copies of all written communications with Plaintiffs or either of them. To the extent this interrogatory seeks additional information, Defendant objects on the grounds that it is overly broad and unduly burdensome.

## PLAINTIFFS' AUTHORITY IN OPPOSITION AND DISCUSSION

To date no such additional information has been produced. Plaintiffs state that the information is relevant to the instant case and is reasonably calculated to

lead to the discovery of admissible evidence. The requested documents were not

produced to Plaintiffs previously.

## INTERROGATORY NO. 4:

State the dollar amount and terms of the Reaffirmation Agreement that was
proposed by Wells Fargo and/or its legal representative and/or requested and/or
submitted in Plaintiffs' Bankruptcy proceeding.

## RESPONSE:

Defendant objects to this interrogatory on the grounds that it is vague and

includes compound questions. Defendant will supplement this response if Plaintiff

clarifies this interrogatory.

## PLAINTIFFS' AUTHORITY IN OPPOSITION AND DISCUSSION

This interrogatory is not vague or compound and information requested is

relevant and/or. to the instant case and is reasonably calculated to lead to the

discovery of admissible evidence. The requested documents were not produced to

Plaintiffs previously.

## INTERROGATORY NO. 5:

Explain in detail the actions and/or communication that were taken and/or
performed by Wells Fargo and/or its legal representatives after the discharge of
Plaintiffs' Bankruptcy proceeding.

## RESPONSE:

Defendant objects to this interrogatory on the grounds that it is vague and

that it seeks discovery of information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant will supplement this response if Plaintiff clarifies this interrogatory.

## PLAINTIFFS' AUTHORITY IN OPPOSITION AND DISCUSSION

Plaintiffs assert that the information is relevant to the instant case, not vague and is reasonably calculated to lead to the discovery of admissible evidence. The requested documents were not produced to Plaintiffs previously.

## INTERROGATORY NO. 6:

Identify the person and company that submitted Plaintiff, James S. Thorsten's, original second mortgage loan application to Wells Fargo.

## RESPONSE:

Defendant objects to this interrogatory on the grounds that it seeks discovery of information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

## PLAINTIFFS' AUTHORITY IN OPPOSITION AND DISCUSSION

Plaintiffs assert that the information is relevant to the instant case and/or is reasonably calculated to lead to the discovery of admissible evidence. The requested documents were not produced to Plaintiffs previously.

## INTERROGATORY NO. 7:

State when and how much money did Defendant Wells Fargo charged off on Plaintiffs loan with the IRS.

## RESPONSE:

Defendant objects to this interrogatory on the grounds that it is ambiguous

in using the phrase "charge off on Plaintiffs loan with the IRS" and that it seeks

discovery of information that is not relevant and is not reasonably calculated to

lead to the discovery of admissible evidence.

## PLAINTIFFS' AUTHORITY IN OPPOSITION AND DISCUSSION

Plaintiffs assert that the information is relevant to the instant case and/or is

reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 8:

State the dates of any and all letters and/or notices of foreclosure, which Wells Fargo and/or its legal representatives sent to Plaintiff James S. Thorsten, concerning Plaintiff, James S. Thorsten's residence.

## RESPONSE:

Subject to and without waiver of its objections, Defendant states that it did

communicate with Plaintiffs after they filed bankruptcy regarding the security for

Plaintiffs' loan. Defendant will search its records where kept in the ordinary

course of business and produce copies of all written communications with

Plaintiffs or either of them. To the extent this interrogatory seeks additional information, Defendant objects on the grounds that it is overly broad and unduly burdensome.

## PLAINTIFFS' AUTHORITY IN OPPOSITION AND DISCUSSION

To date no such information has been producd.Plaintiffs state that the information is relevant to the instant case and is reasonably calculated to lead to the discovery of admissible evidence. The requested documents were not produced to Plaintiffs previously.

## INTERROGATORY NO. 9:

Explain in detail the nature and extent of the charges contained in a letter dated October 25th, 2006, sent to Plaintiff, James S. Thorsten, by Wells Fargo and/or it's legal representative demanding the sum of $6,806.48.

## RESPONSE:

Defendant objects to this interrogatory on the grounds that it is vague in using the phrase "[e]xplain in detail the nature and extent of the charges contained in" the referenced letter. Defendant will supplement this response if Plaintiff clarifies this interrogatory.

## PLAINTIFFS' AUTHORITY IN OPPOSITION AND DISCUSSION

Plaintiffs assert that the information is relevant to the instant case, not

vague and/or is reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 10:

Explain in detail the nature and extent of the charges contained in a letter dated December 28th, 2006, sent to Plaintiff, James S. Thorsten, by Wells Fargo and/or it's legal representative demanding a payment in the amount of $123,547.53.

## RESPONSE:

Defendant objects to this interrogatory on the grounds that it is vague in using the phrase "[e]xplain in detail the nature and extent of the charges contained in" the referenced letter. Defendant will supplement this response if Plaintiff clarifies this interrogatory.

## PLAINTIFFS' AUTHORITY IN OPPOSITION AND DISCUSSION

Plaintiffs assert that the information is relevant to the instant case, not vague and/or is reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 12:

Explain, in detail the nature and extent of the charges contained in a letter dated January 4th, 2007, sent to Plaintiff, James S. Thorsten, by Wells Fargo and/or it's legal representative demanding a payment in the amount of $126,876.11.

**RESPONSE:**

Defendant objects to this interrogatory on the grounds that it is vague in using the phrase "[e}xplain in detail the nature and extent of the charges contained in" the referenced letter. Defendant will supplement this response if Plaintiff clarifies this interrogatory.

## PLAINTIFFS' AUTHORITY IN OPPOSITION AND DISCUSSION

Plaintiffs assert that the information is relevant to the instant case, not vague and/or is reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 13:

Explain in detail why you are denying Plaintiffs' First Request for Admissions No.'s 35 and 36.

**RESPONSE:**

Defendant objects to this interrogatory on the grounds that a party may serve no more than 25 interrogatories without leave of court. See Fed. R. Civ. P. 33(a).

## PLAINTIFFS' AUTHORITY IN OPPOSITION AND DISCUSSION

Plaintiffs believe that they are entitled to have this interrogatory answered by the Defendant since the Defendant did not respond in any meaningful way to

most of the Plaintiffs' Interrogatories.

## INTERROGATORY NO. 14:

Explain in detail why Wells Fargo and/or it's legal representative at the closing table on the second mortgage James Thorsten, presented documents for him to sign with figures different from the Uniform Residential Loan Application document of James S. Thorsten's that Plaintiff had signed before the closing on the loan.

## RESPONSE:

Defendant objects to this interrogatory on the grounds that a party may

serve no more than 25 interrogatories without leave of court. See Fed. R. Civ. P.

33(a).

## PLAINTIFFS' AUTHORITY IN OPPOSITION AND DISCUSSION

Plaintiffs believe that they are entitled to this interrogatory to be answered

by the Defendant since the Defendant did not respond to most of the Plaintiffs'

Interrogatories.

## INTERROGATORY NO. 15:

Explain in detail the charges contain in a letter dated November 16th, 2007, sent to Plaintiff, James S. Thorsten, by Defendant Wells Fargo and/or it's legal representative.

## RESPONSE:

Defendant objects to this interrogatory on the grounds that a party may

serve no more than 25 interrogatories without leave of court. See Fed. R. Civ. P.

33(a).

## PLAINTIFFS' AUTHORITY IN OPPOSITION AND DISCUSSION

Plaintiffs believe that they are entitled to this interrogatory to be answered

by the Defendant since the Defendant did not respond to most of the Plaintiffs'

Interrogatories.

## INTERROGATORY NO. 16:

State the amount paid by Plaintiff, James S. Thorsten, or Plaintiff, Selden
Thorsten, to Defendant and/or it's representatives, since February 26th, 2004
stating to what entity such payments were made and to what entity such payments
were credited and pursuant to what loan document.

## RESPONSE:

Defendant objects to this interrogatory on the grounds that a party may

serve no more than 25 interrogatories without leave of court. See Fed. R. Civ. P.

33(a).

## PLAINTIFFS' AUTHORITY IN OPPOSITION AND DISCUSSION

Plaintiffs believe that they are entitled to have this interrogatory answered

by the Defendant since the Defendant did not respond in any meaningful way to

most of the Plaintiffs' Interrogatories.

## INTERROGATORY NO. 17:

Please provide all necessary dates for every issue mentioned in your
Interrogatory Response #9 to Plaintiffs' First Interrogatories to Defendant, Well
Fargo.

## RESPONSE:

Defendant objects to this interrogatory on the grounds that a party may serve no more than 25 interrogatories without leave of court. See Fed. R. Civ. P. 33(a).

## PLAINTIFFS' AUTHORITY IN OPPOSITION AND DISCUSSION

Plaintiffs believe that they are entitled to this interrogatory to be answered by the Defendant since the Defendant did not respond to most of the Plaintiffs' Interrogatories.

This 30th day of June 2009

W. Dent Acree
Georgia Bar No. 001600
Attorney for Plaintiffs

Law Offices of W. Dent Acree
4200 Northside parkwayN.W. Bldg. #6
Atlanta, Ga. 30327-3054
(404) 869-3400
Fax (4040 869-3444
wdacree@aol.com

## EXHIBIT A

## BLR 7037.1 STATEMENT OF COUNSEL

I hereby certify that, as counsel of record for the Plaintiffs, I conferred in good faith with Defendant's counsel, Gregg Taube, on several occasions, notably, June 25, June 26, June 27 and June 30, 2009, but we were unable to fully resolve our discovery disputes, as shown on the accompanying Plaintiffs Motion to Compel Discovery filed contemporaneously herewith.

This 30th day of June 2009.

W. Dent Acree
Georgia Bar No. 001600
Attorney for Plaintiffs

Law Offices of  W. Dent Acree
4200 Northside Parkway NW, B ldg. #6
Atlanta, Georgia 30327-3054
(404) 869-3400 (phone)
(404) 869-3444 (fax)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **JAMES S. THORSTEN**<br>**SELDEN A. THORSTEN,** | ) ) ) | **Chapter 7** |
| **Debtors,** | ) ) | **Case No. 06-65496-MHM** |

----------------------------------------------------------------

| | | |
|---|---|---|
| **JAMES S. THORSTEN**<br>**SELDEN A. THORSTEN,**<br>**Plaintiffs** | ) ) ) ) | **Adversary Proceeding** |
| **v.** | ) ) | **Case No. 08-9035-NHM** |
| **WELLS FARGO BANK N. A., d/b/a** | ) ) ) | |
| **AMERICA'S SERVICING COMPANY**<br>**NORWEST HOME IMPROVEMENT;**<br>**Defendant** | ) ) ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day personally served the within and foregoing Plaintiffs' Motion to Compel Discovery To Defendant by the United States Mail, properly addressed and with sufficient postage to insure delivery to the following:

Barbara B. Saltzer/Trustee
Baker Church & Stalzer
Suite N-4
555 Sunvalley Drive
Roswell, Georgia 39976

James Thorsten
Selden Thorsten
4436 Shelborne Drive
Dunwoody, Georgia 30338

Gregory M. Taube
Georgia Bar No. 699166
Attorney for Wells Fargo Bank, N.A.
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW
Suite 1700
Atlanta, GA 30363

This 30th day of June 2009

W. Dent Acree
Georgia Bar No. 001600
Attorney for Plaintiffs

Law Offices of  W. Dent Acree
4200 Northside Parkway NW, B ldg. #6
Atlanta, Georgia 30327-3054
(404) 869-3400 (phone)
(404) 869-3444 (fax)