ENTERED ON
SEP 15 2009
DOCKET

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JAMES S. THORSTEN, | ) | |
| SELDEN A. THORSTEN, | ) | CASE NO. 06-65496 - MHM |
| | ) | |
| Debtors. | ) | |

| | | |
|---|---|---|
| | ) | |
| JAMES S. THORSTEN, | ) | |
| SELDEN A. THORSTEN, | ) | |
| | ) | **ADVERSARY PROCEEDING** |
| Plaintiffs, | ) | **NO. 08-9035** |
| | ) | |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, NA, d/b/a | ) | |
| AMERICA'S SERVICING COMPANY, | ) | |
| NORWEST HOME IMPROVEMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

This adversary proceeding was filed post-discharge by Plaintiffs alleging that Defendant violated the discharge injunction of 11 U.S.C. §524. On June 30, 2009, Plaintiffs filed a motion to compel discovery [Doc. No. 46]. Defendant filed a response July 17, 2009 [Doc. No. 52].

Plaintiffs assert that Defendant should be compelled to respond to **Requests for Production Nos. 1, 2, 3, 4, 5, and 6.** Defendant objected to those requests, asserting the requested documents were not relevant and not reasonably calculated to lead to discovery of admissible evidence. Plaintiffs' response to Defendant's objections was conclusory and

failed to specify the relevance of the requested documents. The relevance of the requested documents in the context of Plaintiffs' claim for violation of the discharge injunction is not readily apparent. Therefore, to be entitled to an order compelling Defendant's response, Plaintiffs must supplement the motion to compel to specify facts that render the requested documents relevant or reasonably calculated to lead to discovery of admissible evidence.

Plaintiffs assert that Defendant should be compelled to respond to **Requests for Production Nos. 7 and 8,** in which Plaintiffs request production of the original note and the original of any assignment of the note. Those documents are relevant or reasonably calculated to lead to discovery of admissible evidence. Defendant should produce those documents or explain why it is unable to do so.

Plaintiffs assert that Defendant should be compelled to respond to **Interrogatory No.1,** to which Defendant objected that Plaintiffs' use of the term "attempted to foreclose" is vague. State law and the parties' contract provides a defined procedure for foreclosure. Any step in that procedure would constitute an attempt to foreclose. Defendant should respond to Interrogatory No. 1, including a description of which steps were taken towards foreclosure.

Plaintiffs assert that Defendant should be compelled to respond to **Interrogatories No.2 and 3,** to which Defendant responded that it had produced copies of its communication with Plaintiffs. Production of a document among hundreds of pages of documents does not

2

constitute an adequate response to an interrogatory. Defendant must specifically identify which document already produced is responsive to the interrogatory.

Plaintiffs assert that Defendant should be compelled to respond to **Interrogatory No.4,** to which Defendant objected that the interrogatory was vague and included compound questions. Defendant should respond to the following: State the dollar amount and terms of any Reaffirmation Agreement that was proposed to Plaintiffs by Wells Fargo, including whether any such Reaffirmation Agreement was submitted for approval to the bankruptcy court.

Plaintiffs assert that Defendant should be compelled to respond to **Interrogatory No.5,** to which Defendant objected that the interrogatory was vague and sought information not relevant and not reasonably calculated to lead to discovery of admissible evidence. Defendant should respond to the following: Explain in detail the actions or communications of Defendant that occurred after Plaintiff's discharge regarding the subject real property or Defendant's claim against Plaintiffs.

Plaintiffs assert that Defendant should be compelled to respond to **Interrogatory No. 6.** Interrogatory No. 6 requests that Defendant identify the person and company that submitted the original second loan application to Defendant. Defendant's objections to those requests asserted the requested information was not relevant and not reasonably calculated to lead to discovery of admissible evidence. Plaintiffs' response to Defendant's objections was conclusory and failed to specify the relevance of the requested information.

3

The relevance of the requested documents in the context of Plaintiffs' claim for violation of the discharge injunction is not readily apparent. Therefore, to be entitled to an order compelling Defendant's response, Plaintiffs must supplement the motion to compel to specify facts that render the requested documents relevant or reasonably calculated to lead to discovery of admissible evidence.

Plaintiffs assert that Defendant should be compelled to respond to **Interrogatory No. 7**, which states: "State when and how much money did Defendant Wells Fargo charge off on Plaintiffs (sic) loan with the IRS." Defendant objected that the question is ambiguous and seeks information not relevant and not reasonably calculated to lead to discovery of admissible evidence. Plaintiffs' responses to Defendant's objections failed to address the ambiguity, were conclusory and failed to specify the relevance of the requested information. The phrase "charge off" is not defined and is ambiguous. Also, the relevance of the requested information in the context of Plaintiffs' claim for violation of the discharge injunction is not readily apparent. Therefore, to be entitled to an order compelling Defendant's response, Plaintiffs must supplement the motion to clarify its request and to specify facts that render the requested documents relevant or reasonably calculated to lead to discovery of admissible evidence.

Plaintiffs assert that Defendant should be compelled to respond to **Interrogatory No. 8.** Irrespective of what documents have been produced, Defendant should fully respond to Interrogatory No. 8 and identify which documents are responsive to the interrogatory.

4

Plaintiffs assert that Defendant should be compelled to respond to **Interrogatory Nos. 9, 10, and 12.** Defendant objects that the request is unclear. Plaintiffs' request is quite clear. Defendant should provide the requested information, including the dates the charges were incurred by Defendant.

Plaintiffs assert that Defendant should be compelled to respond to **Interrogatory Nos. 13, 14, 15, 16 and 17.** Defendant objects that it has responded to 25 interrogatories and should not be required to respond to more. Plaintiffs do not deny that they have exceeded the number of interrogatories permitted by the Bankruptcy Rules, but they assert Defendant should be required to respond because "Defendant did not respond in any meaningful way to most of Plaintiffs' Interrogatories." Although Plaintiffs' argument is insufficient to negate the restrictions of Bankruptcy Rule 7033, that response will be construed as a request to exceed the number of interrogatories permitted by Bankruptcy Rule 7033. As to Interrogatory No. 13, Plaintiffs' response is inadequate to support directing Defendant to respond. As to Interrogatories 14 thru 16, Defendant should fully respond to the Interrogatories. As to Interrogatory No. 17, a response by Defendant is unnecessary if Defendant fully responds to Interrogatory No. 9, as directed above. Accordingly, it is hereby

ORDERED that, within 14 days of the date of entry of this order, Plaintiffs may supplement or amend the motion to compel responses to **Requests for Production Nos. 1, 2, 3, 4, 5, and 6; Interrogatory No. 6**; and **Interrogatory No. 7**. If no such supplement or

5

amendment is filed within the time allowed, those requests to compel shall stand denied. It is further

ORDERED that as to the remainder of the Requests for Production and Interrogatories addressed above, Defendant shall respond as specified within 14 days of the date of entry of this order.

**The Clerk, U.S. Bankruptcy Court, is directed to serve** a copy of this order upon Plaintiffs' attorney, Defendant's attorney, and the Chapter 7 Trustee.

IT IS SO ORDERED, this the 14th day of September, 2009.

_____
MARGARET H. MURPHY
UNITED STATES BANKRUPTCY JUDGE